NORMAN KATZ AND SUZANNE L. HILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Katz v. Commissioner
Docket No. 39126-87.
United States Tax Court
T.C. Memo 1989-191; 1989 Tax Ct. Memo LEXIS 191; 57 T.C.M. (CCH) 245; T.C.M. (RIA) 89191; April 27, 1989
*191 G. Alohawiwoole Altman, for the petitioners. Henry E. O'Neill, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This matter is before the Court on respondent's motion for leave to file amended answer, filed with the Court on March 20, 1989. Pursuant to the Court's order dated March 23, 1989, petitioners submitted a memorandum in opposition (objection) to said motion on April 7, 1989. In the notice of deficiency respondent determined that petitioners had unreported income in the amount of $ 33,450 for the taxable year ended December 31, 1984 and also determined a deficiency in petitioners' income tax for that year in the amount of $ 8,665, together with additions to tax under sections 6653(a)(1), [1] 6653(a)(2), 6651(a)(1) and 6661(a). Petitioners timely filed their petition in which they assigned error to respondent's $ 33,450 increase in their income and to the determined additions to tax. Respondent filed a timely answer and this case has been at issue as of the answer filing date, February 16, 1988. On January 5, 1989, the case was calendared for trial at Honolulu, Hawaii, on June 5, 1989. *192 Respondent's motion for leave to file amended answer relates that certain documents submitted by petitioners during the discovery process, together with additional information received from respondent's Fresno Service Center concerning those documents, are the basis of his increasing petitioners' unreported income by an additional amount of $ 38,508. Respondent asserts that petitioners received $ 86,003 in income in 1984, of which petitioners reported only $ 14,045. The difference of $ 71,958 represents unreported income. Of this unreported total, $ 33,450 is reflected in petitioners' notice of deficiency. By his amended answer, respondent places the remaining $ 38,508 of this unreported total in dispute. Consequently, based upon the factual allegation of his amended answer which accompanied his motion, respondent asserts an increase in petitioners' deficiency for 1984 in the amount of $ 15,624, resulting in a total deficiency of $ 24,289, together with consequential increases in the additions to tax. Petitioners' objections to respondent's motion do not impress us as a challenge to the factual allegations which are the subject of respondent's motion but, rather, question the *193 legal basis of respondent's position. Petitioners relate, for example, that the submitted documents corroborate their position that a debtor-creditor relation existed between petitioner Norman Katz and Norman Katz, C.P.A., Ltd., his wholly-owned professional corporation. Petitioners' challenge must be resolved by trial where the facts will be established and found by the Court. Petitioners' arguments are more appropriate for brief after trial. Petitioners allude to "the clear uncontroverted facts of record in this case," but then relate that "there is no independent set of facts upon which respondent can rely as a proper basis for the filing of its [sic, his] proposed amended answer." Petitioners are, so to speak, confusing oranges with apples. All factual allegations are in controversy until proved, stipulated or admitted. Rule 142(a) and Rule 37(c). Petitioners simply state no sound reason why respondent's motion should not be granted. Petitioners have certainly confirmed they would not be prejudiced by the Court's granting respondent's motion, as their objection clearly relates their thorough familiarity with the documents that are the basis of respondent's increase in *194 deficiency. There appears to be no new issue raised by respondent's amended answer, rather only additional factual allegations consistent with the issue of the notice of deficiency are submitted. The documents which petitioners submitted are the basis of respondent's assertion. Petitioners bear the burden of proof as to the deficiency determined by the notice of deficiency, but respondent must bear the burden of proof as to the increase in deficiency he asserts in his amended answer. Rule 142(a). We find no surprise or other basis to support a determination that petitioners would be prejudiced by our granting respondent's motion. Our Rule 41(a) commands that leave to amend shall be given freely when justice so requires. Based upon the premises before considered, we think justice so requires in this instance. ; . Consequently, we shall grant respondent's motion. Nevertheless, we think it pertinent to mention our concern that in some instances issues which should have been developed and, perhaps, disposed of during the examination and administrative *195 process may be generated or resurrected through discovery. If this occurs, then discovery becomes abusive and will defeat its purpose. See . While we see no such abuse here, the complexity of our Federal income tax laws must inhibit "shooting from the hip" in the administrative and litigating process. We, therefore, admonish all parties that we will not be tolerant when such abuses occur. We reiterate, however, that no such improper use is apparent here. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and rule references are to the Tax Court Rules of Practice and Procedure.↩